## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24588-UU

CARNIVAL CORPORATION,

    Plaintiff,

v.

TAMMY MCCALL,

    Defendant.

_____/

### ORDER OF PERMANENT INJUNCTION AND MONETARY DAMAGES

THIS CAUSE comes before the Court upon the Order adopting the Report and Recommendation issued by Magistrate Judge John J. O' Sullivan (D.E. 85), wherein the Court granted in part and denied in part Plaintiff's Motion for Entry of Permanent Injunction and Monetary Damages Against Defendants (D.E. 51).  D.E. 88.  It is hereby

ORDERED AND ADJUDGED as follows:

1. Defendant, her officers, agents, servants and employees, and all those persons in active concert or participation with her are hereby permanently and forever enjoined from:

    (a) Using, whether directly or indirectly, the terms AMBER COVE, in whole or in part, AMBER COVE ADVENTURES (the "Accused Mark"), or any other term, name, mark or logo similar thereto or likely to cause confusion therewith, whether alone or in combination with any other words or designs in any manner whatsoever, as a trademark or service mark or otherwise in connection with the manufacture, import, marketing, promotion, advertisement, sale, offer for sale or to identify goods or services of any kind, including, but not limited to, in any print or telecommunications, advertisements, postcard

solicitations, signs, banners, billboards, labels, flyers, stationery, envelopes, business cards, booklets, brochures, circulars, pamphlets, periodicals, bulletins, stickers, decals, communications, social media or Internet websites, including but not limited to ambercoveadventures.com, ambercoveshoreexcursions.com, ambercoveatv.com, and ambercovetour.com;

(b) Creating a false impression regarding the affiliation, connection, association, origin, sponsorship or approval of Defendant by Plaintiff, or otherwise attempting to pass themselves off as being sponsored by, associated or affiliated with Plaintiff;

(c) Registering or using any domain name comprised in whole or in part, or incorporating, the terms AMBER COVE;

(d) Doing any other acts calculated or likely to cause confusion or mistake in the mind of the public, or to lead the public into the belief that Defendant's goods and services are authorized, sponsored, licensed, endorsed, promoted or condoned by Plaintiff or are otherwise affiliated with or connected to Plaintiff; and

(e) Aiding or assisting any person in engaging in any of the acts prohibited by paragraphs 1(a)-(d) above.

2. Within twenty (20) days after issuance of this Permanent Injunction, Defendant is ordered to:

 (a) Surrender to Plaintiff's attorney or destroy any existing marketing, advertising or promotional materials in the nature of signs, labels, packages, stickers, decals, wrappers and advertisements which bear or include an Accused Mark, whether in tangible or electronic form;

(b) Transfer to Plaintiff, and assign all rights in and to the domain names

ambercoveadventures.com, ambercoveshoreexcursions.com, ambercoveatv.com, ambercovetour.com and any other domain that comprises, in whole or in part, Plaintiff's AMBER COVE trademark, and deliver to Plaintiff all documents evidencing ownership of such domain names;

(c) Cancel any other online account or page (including, without limitation, any social media or file sharing account or page) that uses an Accused Mark or the terms AMBER COVE;

(d) Change the fictitious name of AMBER COVE ADVENTURES to comply with Section 1(a) of this Permanent Injunction, namely, remove any reference to the Accused Mark and the terms AMBER COVE, and file the appropriate amendment with the Florida Department of State;

(e) Expressly abandon with prejudice the pending U.S. federal trademark application for the AMBER COVE ADVENTURES, App. Ser. No. 88/173,205;

(f) Dismiss with prejudice Consolidated Opposition Nos. 91244600 and 91244651, pending before the Trademark Trial and Appeal Board; and

(g) Send a letter to all of their U.S. customers who purchased Defendant's infringing services, informing such customers that Defendant's use of the mark AMBER COVE is unlawful.

3. Within thirty (30) days after issuance of this Permanent Injunction, Defendant is ordered to file with the Clerk of this Court and serve on Plaintiff, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the foregoing injunction, pursuant to 15 U.S.C. § 1116.  It is further

ORDERED AND ADJUDGED that this Permanent Injunction shall be binding upon and

shall inure to the benefit of the parties and each of their respective subsidiaries, corporate parents, affiliates, and successors and assigns. It is further

ORDERED and ADJUDGED that the Court retains jurisdiction over the parties for purposes of making any orders necessary or proper to construe, interpret, enforce, or implement the terms of this Permanent Injunction, and to award damages, fees and costs for violations of the terms of this Permanent Injunction and any request for reimbursement of attorneys' fees pursuant to the provisions of Local Rule 7.3. It is further

ORDERED and ADJUDGED that, pursuant to and in accordance with 15 U.S.C. § 1117(d), Defendant shall pay Plaintiff the sum of $40,000.00 as an award of statutory damages for Defendant's willful acts of cybersquatting. Said award to Plaintiff shall bear interest from the date of this judgment at the rate provided by law. Because the Court finds that Defendant's acts constitute willful and/or malicious injury to Plaintiff and/or Plaintiff's property under 11 U.S.C. § 523(a)(6), the sum awarded to Plaintiff herein is not dischargeable in any bankruptcy proceeding filed by Defendant.

DONE AND ORDERED in Chambers at Miami, Florida, this _9th_ day January, 2020.

_____
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf