UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24588-UU

CARNIVAL CORPORATION,

    Plaintiff,

v.

TAMMY MCCALL,

    Defendant.

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Local Rule 7.3 Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs (the "Motion"). D.E. 113. Chief United States Magistrate Judge John J. O'Sullivan issued a Report and Recommendation (the "R&R") on September 8, 2020, recommending that the Court grant the Motion. D.E. 120. Defendant timely filed objections to the R&R. D.E. 122.

THE COURT has made a *de novo* review of the entire file and record herein, and, is otherwise fully advised in the premises. The matter is now ripe for disposition.

In the Motion, Plaintiff seeks an award of attorney's fees and non-taxable costs under the Lanham Act, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Eleventh Circuit has concluded that "to be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). In the R&R, Magistrate Judge

O'Sullivan concluded that "the instant case is exceptional based on the defendant's weak litigation position and her willful infringement of the plaintiff's trademark." D.E. 120.  However, Magistrate Judge O'Sullivan determined that the case is not exceptional "based on the manner in which the defendant litigated the case." *Id.*

Upon a *de novo* review, the Court agrees with Magistrate Judge O'Sullivan's recommendation and concurs in all of the R&R's findings.  Considering the totality of the circumstances, as outlined in the R&R, the Court agrees that this case is "exceptional" under the Lanham Act based on Defendant's weak litigation position and the Court's previous finding of Defendant's willful infringement.  *See FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-23971-CIV, 2019 WL 7790856, at * (S.D. Fla. Oct. 17, 2019) ("[In] determining whether a Lanham Act case is 'exceptional' based on its lack of substantive strength . . . courts must use their discretion in considering the totality of the circumstances."); *see also Sream, Inc. v. Onive Food Inc.*, No. 18-80491-CV, 2018 WL 8345099, at *3 (S.D. Fla. Sept. 27, 2018) ("Plaintiff's well-pleaded allegations that Defendant's infringement was willful is more than enough to warrant attorneys' fees for this case.").

Defendant objects to the finding that "Defendant's position in this case is remarkably weak" based largely on her position that Plaintiff's motion for summary judgment was purportedly granted "by default" and that, by granting summary judgment, the Court "cut[] off discovery prior to the end  of the discovery period," which allegedly "deprived [Defendant] of her Due Process rights."  *Id.*  But as the R&R correctly recounts, Defendant failed to file a timely response to Plaintiff's motion for summary judgment, such that the Court considered "Plaintiff's statement of facts uncontested," and found that "the undisputed facts show that Plaintiff is the exclusive owner of all rights related to the trademark AMBER COVE" and that "Defendant has infringed upon that

2

trademark, by, among other things, registering several domain names that use the trademark, such as ambercoveadventures.com and ambercovetour.com." D.E. 42.  As such, judgment was not entered against Defendant by default.  Instead, the undisputed facts showed that Plaintiff was entitled to summary judgment.  Further, the Court subsequently entered a permanent injunction against Defendant after an evidentiary hearing before Magistrate Judge O'Sullivan, finding that "Defendant's actions constitute willful and/or malicious injury to Plaintiff." *See* D.E. 89.

In short, the Court finds no merit to Defendant's objections.  Defendant's objections generally restate the arguments made to Magistrate Judge O'Sullivan.  Those arguments were specifically and properly addressed in the R&R, and the Court finds that Magistrate Judge O'Sullivan correctly applied the law to the relevant facts.  Given that the Court agrees that this case is "exceptional" under the "strength of the litigating positions" prong of the *Tobinick* analysis, the Motion is due to be granted.  Accordingly, it is hereby

ORDERED AND ADJUDGED that that the R&R (D.E. 120) is RATIFIED, AFFIRMED, and ADOPTED.  Plaintiff's objections (D.E. 122) are OVERRULED.  Plaintiff's Motion (D.E. 113) is GRANTED.

DONE AND ORDERED in Chambers in Miami, Florida this _18th__ day of November, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record